IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

REPUBLIC OF ECUADOR,

     Petitioner,

v.

                                          Case No.

WORLEY INTERNATIONAL SERVICES, INC. (f/k/a
WORLEYPARSONS INTERNATIONAL, INC.),

     Respondent.

---

**PETITION FOR RECOGNITION AND ENFORCEMENT
OF FOREIGN ARBITRAL AWARD AND
SUPPORTING MEMORANDUM OF LAW**

Pursuant to Chapter 2 of the Federal Arbitration Act (the "**FAA**") and the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 (the "**New York Convention**"), Petitioner the Republic of Ecuador ("**Ecuador**" or "**Petitioner**") petitions this Court for entry of a judgment:

A.     Recognizing and enforcing a December 22, 2023, foreign arbitral award (the "**Award**") in the arbitration between Petitioner Ecuador and Respondent Worley International Services, Inc. f/k/a WorleyParsons International, Inc. ("**Worley**"). A true and correct copy of the Award is attached as Exhibit A to the Declaration of Raúl B. Mañón in Support of Ecuador's Petition for Recognition and Enforcement of Arbitral Award ("**Mañón Declaration**")

B.     Entering judgment in Ecuador's favor against Worley in the amount of the Award, with interest; and

C.      Granting Ecuador such relief as the Court deems just and proper.

In support of this petition, Ecuador shows the Court as follows:

## INTRODUCTION

1.      Ecuador has prevailed in an international arbitration against Worley that was seated in Paris, France, captioned *Worley International Services, Inc. v. the Republic of Ecuador*, Permanent Court of Arbitration Case No. 2019-15 (the "**Arbitration**").

2.      A three-member Arbitral Tribunal issued the unanimous Award in Ecuador's favor that is final and enforceable under the New York Convention.

3.      The United States is a party to the New York Convention and implemented it pursuant to chapter 2 of Title 9 of the United States Code.  *See* 9 U.S.C. §§ 201 *et seq*.

4.      In accordance with Congress' express mandate and the obligations the United States assumed under the New York Convention, this Court "*shall*" enforce the Award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207 (emphasis added).

5.      The grounds specified in the New York Convention are extremely limited.

6.      No ground barring enforcement exists here.

7.      Accordingly, Ecuador is entitled to entry of a judgment as requested.

## THE PARTIES

8.      Ecuador is a "foreign state" within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603.  In these proceedings, Ecuador is represented by the Office of the Attorney General of the Republic of Ecuador, with address at Avenida Amazonas No. 39-123 y José Arízaga, Edif. Amazonas Plaza, Quito, Ecuador.

9.      Worley is a Delaware corporation with its registered office and principal place of business in Houston, Harris County, Texas.  Worley may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

10.     Pursuant to 9 U.S.C § 202, the Award is governed by the New York Convention because it was rendered in Paris, France (a New York Convention contracting state) and otherwise meets the requirements under that section.  Ecuador and the United States are also contracting states to the New York Convention.

11.     This Court has subject matter jurisdiction under 9 U.S.C. § 203, which provides that "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States … shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

12.     Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(1) & (c)(2) because Worley has its registered office and principal place of business in this District.

## STATEMENT OF FACTS

13.     On May 11, 1997, the Treaty between the United States of America and the Republic of Ecuador concerning the Encouragement and Reciprocal Protection of Investment (the "**BIT**") entered into force.  Mañón Decl. at Ex. B.

14.     Article VI(4)(b) of the BIT provides that "an 'agreement in writing' for purposes of Article II of the [New York Convention]," *i.e.*, a written arbitration agreement, is created

when a United States corporation submits a Notice of Arbitration pursuant to Article VI(3)(a) of the BIT. *Id*. Thus, the Parties' arbitration agreement consists of the BIT, where Ecuador gave its "consent[] to the submission of an[] investment dispute for settlement by binding arbitration" in Article VI(4) of the BIT, plus Worley's Notice of Arbitration. A copy of Worley's Notice of Arbitration is Ex. C to the Mañón Declaration.

15.    On February 14, 2019, Worley brought the arbitration seeking to collect from Ecuador amounts Worley claimed to be owed under agreements it had entered with two entities that are separate and distinct from Ecuador: the Empresa Pública de Hidrocarburos del Ecuador ("**Petroecuador**") and the Refinería del Pacífico Eloy Alfaro, Compañía de Economía Mixta, en Liquidación ("**RDP**"). *See* Award ¶¶ 3-4, Mañón Decl. Ex. A.

16.    Worley further alleged in the arbitration that Ecuador supposedly caused Petroecuador and RDP to stop payment to Worley under the referenced agreements; engaged in a "harassment campaign" against Worley; and threated "unwarranted tax liabilities" against Worley. *Id*. ¶ 4

17.    A highly experienced and distinguished three-member Arbitral Tribunal was selected to preside over and resolve the Parties' dispute. Neither party challenged the appointment of the arbitrators. The place of arbitration was fixed as Paris, France. The dispute was subject to hearings and multiple rounds of briefings. *See* Award ¶¶ 30-36 (listing the several rounds of briefing), Mañón Decl. Ex. A. A hearing on the merits was held from December 8-16, 2022, in Miami, Florida. *Id*. ¶¶ 38-39.

18.    All three arbitrators participated in the proceedings, and, on December 22, 2023, they unanimously issued the Award that Ecuador now petitions this Court to recognize and enforce. The Award dismissed Worley's claims in their entirety and upheld Ecuador's defense

that Worley engaged in corruption and bad faith in securing the contracts at issue and performing under them.  Notably, the Arbitral Tribunal held:

> In sum, for the reasons stated above, the Tribunal dismisses the Claimant's claims in their entirety on three independent grounds: (i) ***the existence of a widespread pattern of illegality and bad faith*** affecting the centerpieces of the Claimant's investment from their inception, depriving the Tribunal of jurisdiction; (ii) ***the Claimant's corruption during the operation of its investment***, rendering the Claimant's claims inadmissible according to the majority of the Tribunal or dismissed according to Arbitrator Stern; and (iii) the ***Claimant's willful blindness towards Tecnazul's corruption*** during the operation of the Claimant's investment, independently rendering the Claimant's claims inadmissible according to the majority of the Tribunal or dismissed according to Arbitrator Stern.

Award ¶ 506, Mañón Decl. Ex. A (emphasis added, internal footnotes omitted).

19.     Having dismissed all of Worley's claims—including its claim for US$ 29,898,915 in legal fees and expenses allegedly incurred, *id*. ¶ 507—the Arbitral Tribunal ordered Worley to pay Ecuador the US$ 6,048,471.01 in fees and expenses that Ecuador incurred in defending itself from Worley's meritless claims, *id*. ¶ 533.

20.     This Petition seeks recognition and enforcement of the Award by this Court.

## ARGUMENT

21.     The Award is final and binding and subject to enforcement.

22.     Article 32.2 of the 1976 UNCITRAL Arbitration Rules, pursuant to which Worley agreed to have the Arbitration conducted, states: "[t]he award shall be . . . final and binding on the parties. The parties undertake to carry out the award without delay."

23.     The United States implemented the New York Convention pursuant to chapter 2 of Title 9 of the United States Code.  *See* 9 U.S.C. § 201, *et seq*.  Section 207 of that Chapter provides that, upon the application of a party to an arbitral award made pursuant to the New York Convention, a district court "***shall confirm*** the award unless it finds one of the grounds for

refusal or deferral of recognition or enforcement of the award specified in the said Convention."
*See* 9 U.S.C. § 207 (emphasis added); *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520
n. 15 (1974) ("The goal of the [New York] convention, and the principal purpose underlying
American adoption and implementation of it, was to encourage the recognition and enforcement
of commercial arbitration agreements and international contracts and to unify the standard by
which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory
countries.").

24.     In keeping with the strong federal policy favoring arbitration, and because "the
New York Convention provides only several narrow circumstances when a court may deny
confirmation of an arbitral award, confirmation proceedings are generally summary in nature."
*Int'l Trading and Indus. Inv. Co. v. DynCorp Aerospace Technology*, 763 F. Supp. 2d 12, 20 (D.
D.C. 2011).

25.     As noted, U.S. courts have little discretion to refuse to confirm an award under
the Federal Arbitration Act and the sole grounds for refusal or deferral of recognition or
enforcement of an award are listed in Article V of the New York Convention:

> (a) The parties to the agreement … were … under some incapacity,
> or the said agreement is not valid under the law …; or
>
> (b) The party against whom the award is invoked was not given
> proper notice of the appointment of the arbitrator or of the
> arbitration proceedings …; or
>
> (c) The award deals with a difference not contemplated by or not
> falling within the terms of the submission to arbitration, or it
> contains decisions on matters beyond the scope of the submission
> to arbitration …; or
>
> (d) The composition of the arbitral authority or the arbitral
> procedure was not in accordance with the agreement of the parties
> …; or
>
> (e) The award has not yet become binding on the parties, or has

been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

None of those grounds is present in this case.

26.     The party opposing confirmation bears a heavy burden of establishing that the award should not be confirmed.  *See Compagnie Noga D'Importation et D'Exportation, S.A. v. Russian Fed.,* 361 F.3d 676, 683 (2d Cir. 2004).  Worley cannot meet that burden in this case.

27.     Accordingly, pursuant to the mandate of the Federal Arbitration Act, the Court should immediately confirm the Award in its entirety.  *See* 9 U.S.C. § 207.

## CONCLUSION

28.     For all the foregoing reasons, Ecuador respectfully requests that the Court to:

a.     Enter an Order recognizing and enforcing the Award;

b.     Enter judgment in favor of Ecuador and against Worley in the amount of the Award (US$ 6,048,471.01), together with post-judgment interest pursuant to 28 U.S.C. § 1961;

c.     Award Ecuador its costs of suit, including reasonable attorneys' fees incurred in bringing this action, *see Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1104 (9th Cir. 2011) ("we hold that federal law permits an award of attorney's fees in an action under the [New York] Convention, as it does in other federal question cases"); and

d.     Award Ecuador such other and further relief as this Court may deem just and appropriate.

DATED and FILED on December 30, 2023.

                    SQUIRE PATTON BOGGS (US) LLP

                    By: /s/ Amanda D. Price

                        **Amanda D. Price**, Attorney-In-Charge
                        Texas State Bar No. 24060935
                        S.D. No.  1155447
                        600 Travis Street, Suite 6700
                        Houston, Texas 77002-3000
                        SQUIRE PATTON BOGGS (US) LLP
                        Telephone: (713) 546-5850
                        Facsimile: (713) 546-5830
                        Email:  Amanda.Price@squirepb.com

                        AND

                        **Raúl B. Mañón** (Florida Bar 18847)
                        (raul.manon@squirepb.com)
                        (*pro hac vice pending*)
                        **Digna B. French** (Florida Bar 148570)
                        (digna.french@squirepb.com)
                        (*pro hac vice pending*)
                        SQUIRE PATTON BOGGS (US) LLP
                        200 South Biscayne Boulevard, Suite 3400
                        Miami, Florida 33131

                        *Counsel for Petitioner*
                        *The Republic of Ecuador*